# UNITED STATES EX REL. SMITHSON v. ASHFORD.

---

STATUTES; BUILDING REGULATIONS; PARTY WALLS; MANDAMUS.

1. A statute or regulation looking to the public interest and safety, such as one regulating the thickness of party walls, will be upheld, unless it is plain that it has no substantial relation to those objects, or is a palpable invasion of rights secured by the fundamental law. (Following *Downing* v. *Ross,* 1 App. D. C. 259; *Ross* v. *United States,* 7 App. D. C. 1; *Baltimore & O. R. Co.* v. *District of Columbia,* 10 App. D. C. 127; and *Macfarland* v. *Washington, A. & Mt. V. R. Co.* 18 App. D. C. 456.)

2. In a mandamus proceeding by a property owner to compel the municipal' authorities to issue him a building permit allowing him to construct a row of brick two-story buildings, 15 feet wide, with party walls 9 inches thick, notwithstanding the existence of a building regulation requiring such walls to be 13 inches thick, where the evidence introduced

by the relator, consisting chiefly of the testimony of builders, tended to show that a 9-inch party wall, if properly built, is reasonably strong and safe as to fire, but that a 13-inch party wall is better; while that introduced by the respondents tended to show that the thicker wall affords greater protection against fire, and is much less liable to collapse, and that in other cities similar walls are required,—it was *held* that the relator had failed to make out such a case of abuse of discretion as would justify the granting of the relief sought, and was therefore not entitled to the writ.

No. 1736.   Submitted March 6, 1907.   Decided April 2, 1907.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus to compel the Commissioners of the District of Columbia to issue him a building permit.

*Affirmed.*

The facts are stated in the opinion.

*Mr. B. F. Leighton* and *Mr. Wm. Henry White* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from the supreme court of the District.

Appellant, Thomas E. Smithson, applied for a permit to build certain houses, which were to be 15 feet each in width and two stories and basement in height, and with party walls from the lower part of the first-floor joists to the entire height of said walls, of the thickness of 9 inches.   This application was refused by the District authorities on the ground that the party walls described in the plans do not conform to the building regulations of the District, which require that they be 13 inches instead of 9 inches throughout.   A petition was thereupon presented in the supreme court of the District, praying for a writ

of mandamus to compel the defendants, Snowden Ashford, Henry B. F. Macfarland, Henry L. West, and John Biddle, the appellees here, to issue the permit required. In this petition it is averred that the regulation requiring party walls to be not less than 13 inches in thickness is an arbitrary and unnecessary requirement, and therefore void. The defendants in answer to the petition deny this, and aver that the regulation is necessary and reasonable and essential to safety and security in building construction. Testimony was taken, and a hearing had, whereupon the petition was dismissed.

The sole question here is whether sec. 57 of the building regulations of the District, as amended May 9, 1903, is a valid exercise of power by the commissioners. The said section as amended reads as follows: "Section 57 of the building regulations of the District of Columbia, made and promulgated March 1, 1902, is hereby amended to read as follows: No party wall shall be constructed in the District of Columbia of less thickness throughout than a brick and a half, or 13 inches. A two-story building may be constructed with external walls, other than party wall, 13 inches in the basement or foundation, and 9 inches in the first and second stories."

It is not questioned that the commissioners had authority to make building regulations, the sole contention being that in this amendment they exceeded their authority. The act of June 14, 1878 (20 Stat. at L. 131, chap. 194), provides: "That the commissioners of the District of Columbia be, and they hereby are, authorized and directed to make and enforce such rules and regulations relative to the sale of coal in the District of Columbia as shall insure full weight to purchasers of coal; also, such building regulations for the said District as they may deem advisable. Sec. 2. That such rules and regulations made as above provided shall have the same force and effect within the District of Columbia as if enacted by Congress." The power conferred upon the commissioners by this act is most comprehensive in character. *United States ex rel. Strasburger* v. *District of Columbia,* 5 Mackey, 393; *Halpine* v. *Barr,* 21 App. D. C. 332.

In view of the wide latitude of discretion given the commis-

sioners by this act, a plain case of usurpation of power or abuse of discretion must be made before the court would be authorized to interfere. "It is the well-established rule of the courts, in the execution of their supervisory function, that a statute or regulation looking to the public interest and safety will be upheld save when plain that it has 'no real or substantial relation to those objects, or is a palpable invasion of rights secured by the fundamental law.'" *Macfarland* v. *Washington, A. & Mt. V. R. Co.* 18 App. D. C. 456, 467; *Baltimore & O. R. Co.* v. *District of Columbia,* 10 App. D. C. 127; *Ross* v. *United States,* 7 App. D. C. 1; *Downing* v. *Ross,* 1 App. D. C. 259.

The petitioner introduced twelve witnesses, most of whom were builders, who presumably were as interested as he to overthrow this regulation. They all testified that a 9-inch party wall, if properly built, is reasonably strong and reasonably safe as to fire. Four admitted on cross-examination that a 13-inch party wall is better than a 9-inch party wall; and a careful reading of all the testimony of petitioner's witnesses leaves the impression that the regulation in question is far from unreasonable.

The defendants introduced eleven witnesses, all of whom testified that a 13-inch party wall is much more satisfactory than a 9-inch party wall, in that it gives greater protection against fire and is much less liable to collapse. Mr. James L. Parson, an experienced builder of the District, testified that it is not good practice to build 9-inch party walls in any rows of houses, whether of two stories or more, because such walls do not afford sufficient protection against conflagrations; that in cases of fire a long row of houses with 9-inch walls would collapse very much quicker than thicker walls; that, in his opinion, it would be "very unadvisable to permit 9-inch walls in rows of houses in this city. The difference in the cost of construction would not warrant it. The bricks cost one third more and the labor does not cost much more." The witness further said that he had never built any other than a 13-inch wall for himself. Another witness, a computing manager of the board of fire

underwriters, testified that "this is the only place that he knows of where they have a 9-inch party wall."

From the opinion of the learned judge below, it appears that counsel presented, presumably without objection, "a number of building regulations from other cities in this country, from all of which it appears that similar walls are required by them."

It being admitted that the subject of this regulation is within the powers conferred by law upon the commissioners, we think the petitioner has failed to make out such a case of abuse of discretion as would justify the relief sought. The regulation was promulgated, after very careful consideration, in the interests of all the people of the District. It is not a taking of the property of the petitioner, but a mere regulation of its enjoyment in the interests of the public.

It follows that the judgment will be affirmed, with costs, and it is so ordered.                    *Affirmed.*